UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARTURO R. REYES,

          Plaintiff,

    v.

DOUG JOHNSON, SUSAN GERMAN, AND PIERCE COUNTY,

          Defendant.

Case No.  C08-5070RJB/JKA

REPORT AND RECOMMENDATION

**NOTED FOR:**
**May 30, 2008**

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is defendant Susan German's motion for summary judgment. (Dkt # 12). Plaintiff has not responded to the motion.  Local Rule 7 (b)(2) states that failure to file papers in opposition to a motion may be deemed by the court as an admission that the motion has merit.  Here, the court adopts defendant German's statement of the facts.

FACTS

The following facts are taken from defendant German's motion for summary judgment:

    On March 8, 2006, plaintiff was arrested by the WSP on drug related charges and held in the Pierce County Jail. (Plaintiff's Complaint, Para. 6). As part of the investigation of the case, the WSP also seized $110,841 and $343. (Declaration of Susan German). The WSP commenced proceedings to forfeit the money. Two copies of a Notice of Seizure of the currency were personally served upon plaintiff on March 15, 2006. One copy was in

REPORT AND RECOMMENDATION
Page - 1

English and one copy was in Spanish. (See Decl. of German, Ex. A). This notice informed plaintiff that he had until April 22, 2006, within which to request a hearing or the currency would be deemed forfeited. *Ibid*.

On April 13, 2006, plaintiff requested a hearing. (Plf. Compl., Para. 8; Decl. of German, Ex. B). The WSP sent a written acknowledgement[sic] of this request to the plaintiff on or about April 28, 2006. (See Decl. of German, Ex. C). At the same time, the WSP referred the matter to the Washington State Office of Administrative Hearings in order to set the matter for hearing. (See Decl. of German, Ex. D). Administrative Law Judge Joseph Montes was assigned to hear the case. On May 8, 2006, Judge Montes sent a Notice of Pre-Hearing Conference by Telephone to plaintiff and the WSP. (Decl. of German, Para. 7). This notice set a pre-hearing conference for June 5, 2006 at 11:30 a.m. and provided two telephone numbers for the parties to call. The notice also stated that "if a party fails to attend or participate in the pre-hearing conference . . . . the Administrative Law Judge may issue a Default Order pursuant to RCW 34.05.440." *Ibid*.

On June 5, 2006, the telephone conference was held, however, the plaintiff did not call into the conference. (Decl. of German, Para. 9). In response, the WSP, through Assistant Attorney General Fred Caruso, moved for an order of default based upon plaintiff's failure to participate as allowed by RCW 34.05.440. *Ibid*. The judge granted the WSP's motion and entered an order of default on June 6, 2006. (See Decl. of German, Ex. D). A copy of the order of default was mailed to plaintiff that same day. *Ibid*. The order of default stated that "[i]n accordance with WAC 10-08-130(3), the parties shall have ten (10) days from the mailing date of this Order to file any objections thereto." However, plaintiff failed to file any objections to the order of default. (Decl. of German, Para. 9).

On February 8, 2008, plaintiff filed this action in the United States District Court for the Western District of Washington. He asserts he was denied due process and equal protection under the Fourteenth Amendment because he was allegedly denied access to a telephone such that he was not able to participate in the June 5, 2006 pre-hearing conference. He seeks compensatory and punitive damages.

Named as defendants are Pierce County, Doug Johnson (the booking sergeant for the Pierce County Jail), and Susan German (the Personal Property Narcotics Seizure Program Manager with the Criminal Proceeds Unit for the WSP). German is named as a defendant in both her individual and official capacities.

German assisted in sending out the original notice of seizure to the plaintiff. She also referred the matter to the Office of Administrative Hearings once the WSP received notice from plaintiff that he was requesting a hearing regarding the seized currency. (Decl. of German, Para. 5 and 6). Subsequently, she listened into the June 5, 2006 pre-hearing telephonic conference as the WSP representative. (Decl. of German, Para. 9). She is not employed by Pierce County. She was not involved in any decision by the jail regarding his access to the telephone. (Decl. of German, Para. 10).

Defendant German now moves for summary judgment dismissing the claims against her in her official and individual capacities.

(Dkt. # 12, pages 2 to 4).

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that

REPORT AND RECOMMENDATION
Page - 2

there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). See also Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. Id.

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. T.W. Elec. Service Inc., 809 F.2d at 630 (relying on Anderson, supra). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

### DISCUSSION

Personal Participation.

In a Civil Rights Action, the inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts and omissions are alleged to have caused a constitutional violation. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Plaintiff does not show how Susan German acted under color of state law to deprive Plaintiff or a right or privilege protected by the

United States Constitution or federal law.

The uncontested facts are that this defendant "assisted in sending out the original notice of seizure to the plaintiff. She also referred the matter to the Office of Administrative Hearings once the WSP received notice from plaintiff that he was requesting a hearing regarding the seized currency. (Decl. of German, Para. 5 and 6). Subsequently, she listened into the June 5, 2006 pre-hearing telephonic conference as the WSP representative. (Decl. of German, Para. 9). She is not employed by Pierce County. She was not involved in any decision by the jail regarding his access to the telephone." (Dkt. # 12, page 3 and 4).

This defendant is not a proper party to the litigation under these facts. Defendant's motion for summary judgment should be **GRANTED,** This defendant should be **DISMISSED** form this action **WITH PREJUDICE.**

## CONCLUSION

This defendant should be **DISMISSED WITH PREJUDICE** for the reasons stated above. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on May 30, 2008**,** as noted in the caption.

DATED this 9 day of May, 2008.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge