UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARTURO R. REYES,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>DOUG JOHNSON, SUSAN GERMAN,<br>AND PIERCE COUNTY,<br><br>　　　　　　Defendant. | Case No.  C08-5070RJB/JKA<br><br>REPORT AND<br>RECOMMENDATION<br><br>**NOTED FOR:**<br>June 6, 2008 |

　　　　This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is a motion for summary judgment from the remaining defendants, Doug Johnson and Pierce County. (Dkt # 19).  Plaintiff has not responded to the motion.  Local Rule 7 (b)(2) states that failure to file papers in opposition to a motion may be deemed by the court as an admission that the motion has merit.  Here, the court has adopted defendant German's statement of the facts.  Defendant Susan German moved for summary judgment earlier in the case.  And a Report and Recommendation to grant her motion is pending.

FACTS

　　　　The following facts are taken from defendant German's motion for summary judgment:

REPORT AND RECOMMENDATION
Page - 1

On March 8, 2006, plaintiff was arrested by the WSP on drug related charges and held in the Pierce County Jail. (Plaintiff's Complaint, Para. 6). As part of the investigation of the case, the WSP also seized $110,841 and $343. (Declaration of Susan German). The WSP commenced proceedings to forfeit the money. Two copies of a Notice of Seizure of the currency were personally served upon plaintiff on March 15, 2006. One copy was in English and one copy was in Spanish. (See Decl. of German, Ex. A). This notice informed plaintiff that he had until April 22, 2006, within which to request a hearing or the currency would be deemed forfeited. *Ibid*.

On April 13, 2006, plaintiff requested a hearing. (Plf. Compl., Para. 8; Decl. of German, Ex. B). The WSP sent a written acknowledgement[sic] of this request to the plaintiff on or about April 28, 2006. (See Decl. of German, Ex. C). At the same time, the WSP referred the matter to the Washington State Office of Administrative Hearings in order to set the matter for hearing. (See Decl. of German, Ex. D). Administrative Law Judge Joseph Montes was assigned to hear the case. On May 8, 2006, Judge Montes sent a Notice of Pre-Hearing Conference by Telephone to plaintiff and the WSP. (Decl. of German, Para. 7). This notice set a pre-hearing conference for June 5, 2006 at 11:30 a.m. and provided two telephone numbers for the parties to call. The notice also stated that "if a party fails to attend or participate in the pre-hearing conference . . . . the Administrative Law Judge may issue a Default Order pursuant to RCW 34.05.440." *Ibid*.

On June 5, 2006, the telephone conference was held, however, the plaintiff did not call into the conference. (Decl. of German, Para. 9). In response, the WSP, through Assistant Attorney General Fred Caruso, moved for an order of default based upon plaintiff's failure to participate as allowed by RCW 34.05.440. *Ibid*. The judge granted the WSP's motion and entered an order of default on June 6, 2006. (See Decl. of German, Ex. D). A copy of the order of default was mailed to plaintiff that same day. *Ibid*. The order of default stated that "[i]n accordance with WAC 10-08-130(3), the parties shall have ten (10) days from the mailing date of this Order to file any objections thereto." However, plaintiff failed to file any objections to the order of default. (Decl. of German, Para. 9).

On February 8, 2008, plaintiff filed this action in the United States District Court for the Western District of Washington. He asserts he was denied due process and equal protection under the Fourteenth Amendment because he was allegedly denied access to a telephone such that he was not able to participate in the June 5, 2006 pre-hearing conference. He seeks compensatory and punitive damages.

Named as defendants are Pierce County, Doug Johnson (the booking sergeant for the Pierce County Jail), and Susan German (the Personal Property Narcotics Seizure Program Manager with the Criminal Proceeds Unit for the WSP). German is named as a defendant in both her individual and official capacities.

German assisted in sending out the original notice of seizure to the plaintiff. She also referred the matter to the Office of Administrative Hearings once the WSP received notice from plaintiff that he was requesting a hearing regarding the seized currency. (Decl. of German, Para. 5 and 6). Subsequently, she listened into the June 5, 2006 pre-hearing telephonic conference as the WSP representative. (Decl. of German, Para. 9). She is not employed by Pierce County. She was not involved in any decision by the jail regarding his access to the telephone. (Decl. of German, Para. 10).

(Dkt. # 12, pages 2 to 4).

Defendants Johnson and the County have added the following facts which should be placed before the court: (1) Plaintiff did not file any grievance regarding his alleged inability to use the phone on June 5,

REPORT AND RECOMMENDATION
Page - 2

2006, despite the fact there is a grievance system in place and inmates receive a handbook telling them how to use the grievance system (Dkt. # 20, affidavit of Pam Lacipierre). (2) Defendant Doug Johnson does not recall ever receiving a request for a phone call; and (3) The Pierce County Jail has a policy in place that would have allowed for either a standard phone call or a special call if plaintiff had made arraingments for one.

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). See also Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. Id.

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. T.W. Elec. Service Inc., 809 F.2d at 630 (relying on Anderson, supra). Conclusory, nonspecific statements in affidavits are not sufficient, and

1  "missing facts" will not be "presumed."  Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89
2  (1990).

## DISCUSSION

Failure to Exhaust Available Administrative Remedies.

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Plaintiff filed this action while incarcerated and the act applies to him. The United States Supreme Court determined that Congress enacted the provision in order to reduce the quantity and improve the quality of prisoner suits. Porter v. Nussle, 534 U.S. 516 (2002). By mandating exhaustion, Congress enabled corrections officials to address prisoner complaints internally. Where exhaustion was once discretionary, it is now mandatory. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter v. Nussle, 534 U.S. 516 (2002) (quoting Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court ruled that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter, 534 U.S. at 520.

Plaintiff did not file any grievance regarding the alleged denial of a telephone. For that reason the action would ordinarily be dismissed without prejudice. The defendants, however, also argue lack of personal participation and failure to state a claim because no policy or practice of the county is at issue. Those arguments ware addressed below.

Personal Participation.

In a Civil Rights Action, the inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts and omissions are alleged to have caused a constitutional violation. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Plaintiff does not show how Doug Johnson acted under color of state law to deprive Plaintiff or a right or privilege protected by the United States Constitution or federal law. The only facts regarding this defendant are that he is a booking sergeant working for Pierce County Jail. Plaintiff does not allege this defendant was ever placed on notice

REPORT AND RECOMMENDATION
Page - 4

1  plaintiff needed to use a telephone for the hearing that was to be held on June 5 2006.  While a court
2  liberally construes pro se pleadings the court cannot supply facts that are not plead.  Pena v Gardner, 976
3  F.2d 469 (9th Cir. 1992).  Further, defendant Johnson has moved for summary judgment alleging he was not
4  made aware plaintiff had made any request to use the telephone, and plaintiff has not contradicted defendant
5  Johnson's version of the facts. The court must resolve any factual dispute or controversy in favor of the
6  nonmoving party, only when the facts specifically attested by the party contradict facts specifically attested
7  by the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc.
8  v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

9      Defendant Johnson is entitled to **DISMISSAL WITH PREJUDICE.**
10     Liability against the County.

11     To establish liability against Pierce County under  § 1983, a plaintiff  must show that (1) he was
12 deprived of a constitutional right;  (2) the county has a policy;  (3) the policy amounts to deliberate
13 indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the
14 constitutional violation.   Oviatt v. Pearce, 954 F.2d 1470, 1474  (9th Cir.1992).  The Supreme Court has
15 emphasized that the unconstitutional acts of a government agent cannot, standing alone, lead to liability
16 against a county; further, there is no respondeat superior liability under § 1983.  Monell v. New York City
17 Dept. of Social Services, 436 U.S. 658, 692 (1978).  A county may only be liable where its policies are the "
18 'moving force [behind] the constitutional violation.' "  City of  Canton v. Harris, 489 U.S. 378, 389,
19 (1989)(quoting Monell at 694); Ortez v. Washington County, 88 F.3d 804 (9th Cir. 1996).

20     Plaintiff fails to show a policy or practice of the Pierce County Jail is at issue.  Further, defendants
21 have placed before the court information showing the Pierce County Jail policy would allow phone use for a
22 hearing of this nature.  Defendant Pierce County is entitled to **DISMISSAL WITH PREJUDICE.**

### CONCLUSION

24 This action should be **DISMISSED WITH PREJUDICE** for the reasons stated above. Pursuant to
25 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten
26 (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file
27 objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140
28 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for

consideration on June 6, 2008, as noted in the caption.

DATED this 16th day of May, 2008.

/s/ *J. Kelley Arnold*_____
J. Kelley Arnold
United States Magistrate Judge